**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0229n.06

**No. 11-6118**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Mar 05, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| CAMERON BRASWELL, | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

BEFORE: MERRITT, CLAY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Cameron Braswell appeals his convictions by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute cocaine, ecstasy, and marijuana, in violation of 21 U.S.C. § 841(a)(1). Specifically, he challenges whether the trial evidence sufficiently established the possession element of these offenses. For the reasons set forth below, Braswell's claims are without merit, and we therefore affirm.

I.

On February 12, 2010, Officer Mario McNeal of the Memphis Police Department obtained a search warrant for Braswell's residence located in apartment number three at the Southern Place apartment complex in Memphis, Tennessee. Before obtaining the search warrant, McNeal and Officer David Miller deployed a confidential informant to purchase controlled substances from

Braswell. During these purchases, the officers not only directly observed Braswell engage in "hand-to-hand" drug transactions, but also observed him coming and going from apartment number three at the Southern Place complex.

With the assistance of Officer Jonathan Overly, McNeal and Miller executed the search warrant for Braswell's residence at approximately 10:00 p.m. on February 12, 2010. Upon entry, the officers smelled a strong odor of marijuana and saw an individual named Eric Thacker sitting in the living room. After detaining Thacker, officers located Braswell's girlfriend, Karman Davis, and her son in the guest bedroom. The officers found Braswell hiding in the master bedroom closet.

As the officers removed Braswell from the closet, they noticed a torn bag containing ecstasy pills in the corner of the closet, as well as numerous ecstasy pills scattered on the closet floor. They also found five small bags of cocaine on the closet floor. The officers further discovered a hole in the closet wall. Suspecting that Braswell was attempting to hide other contraband in that hole, the officers removed portions of the wall and recovered two large bags of cocaine and nine small bags of marijuana. The officers additionally recovered ten small bags of cocaine and approximately $1,600 in cash from Braswell's pockets. Because the officers' presence agitated Braswell, they escorted him to the squad car while the search of the apartment continued.

The completed search produced the following additional items: (1) seven small bags of marijuana in the kitchen; (2) two digital scales with cocaine and marijuana residue in the kitchen; (3) plastic bags consistent with drug distribution; (4) a drug ledger with amounts owed for drugs; (5) approximately $1,700 in cash in a jacket pocket; (6) a cellular telephone with text messages related

to drug distribution; and (7) a loaded .9mm handgun under the cushion of a chair in the living room. In total, the officers recovered approximately 60.41 grams of marijuana, 75.82 grams of powder cocaine, and 51 ecstasy pills.

After waiving his *Miranda* rights, Braswell gave a written statement about the handgun. He specifically admitted that he was in possession of the firearm because it was "in the house." He also said that the firearm was probably loaded and that Davis had purchased it from Braswell's "homeboy G Unit" for $150.

While being questioned about the handgun, Braswell made statements about the drugs. He admitted, "[t]hose are my drugs but just don't— don't let me get that gun." Braswell freely stated that he would "take the charge of everything but the gun." Braswell then offered to work as an informant in exchange for not being charged for possession of the firearm.

On May 25, 2010, a federal grand jury returned a four-count indictment against Braswell, charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and three counts of possession with intent to distribute cocaine, ecstasy, and marijuana, in violation of 21 U.S.C. § 841(a)(1). At trial, Officers McNeal, Miller, and Overly testified as fact witnesses. The government also offered opinion testimony that: (1) the contraband recovered was consistent with drug distribution; (2) the substances found were, in fact, cocaine, marijuana, and ecstasy; and (3) the loaded handgun had traveled through interstate commerce. Additionally, the government presented two recorded phones calls that Braswell made from jail shortly after his arrest

in which he stated multiple times that the drugs and handgun seized during the search belonged to him.

At the close of the government's proofs, Braswell made a motion for a judgment of acquittal on all counts under Rule 29 of the Federal Rules of Criminal Procedure. The district court denied the motion and submitted the case to the jury after Braswell announced his intention not to testify or present any counterproof. The jury returned a verdict of guilty on all counts. Braswell timely appealed the district court's denial of his Rule 29 motion.

II.

A.

"We review de novo the district court's denial of a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 and assess the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010) (internal quotation marks, footnote, and citation omitted). We draw "all reasonable inferences in support of the jury's verdict" and will reverse a judgment for insufficient evidence "only if the judgment is not supported by substantial and competent evidence upon the record as a whole." *Id.*

Braswell's sole argument on appeal is that no rational jury could have found that he possessed either the handgun or the drugs found during the search. The standard for possession is the same under 18 U.S.C. § 922 (g)(1) and 21 U.S.C. § 841 (a)(1). *United States v. Hunter*, 558 F.3d 495, 504 (6th Cir. 2009). Proof of either "actual" or "constructive" possession is sufficient under

both statutes. *Id*. Actual possession exists when an individual knowingly has direct physical control over the contraband at a given time. *Id.* Constructive possession exists when a person does not have physical possession, but knowingly has the power and the intention at a given time to exercise dominion and control over the contraband, either directly or through others. *Id.* "The element of possession can be proven by either direct or circumstantial evidence." *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008). We turn to Braswell's sufficiency-of-the-evidence arguments with the above principles in mind.

B.

After reviewing the trial record, we conclude that any rational trier of fact could have found that Braswell constructively possessed the handgun in violation of 18 U.S.C. § 922 (g)(1). While the proofs do not show that Braswell was in actual possession, the circumstantial evidence easily supplies a basis to conclude that he exercised constructive possession. Braswell gave Officer Miller a written statement in which he admitted possession because it was "in the house." Braswell also offered detailed knowledge about the gun, such as whether it was loaded, from whom it was purchased, and for how much. Officers McNeal and Miller testified that Braswell never denied possessing the firearm, but rather attempted only to convince them not to charge him with possession of that firearm. This is consistent with Braswell's jail-house phone call in which he told "Renee" that he wanted his girlfriend Davis to "take the pistol charge" because he had a prior felony conviction, stating at one point that he had previously told Davis to "say it's your pistol charge and tell them folks it's my [drugs]." The jury also heard uncontradicted opinion evidence that the

contraband recovered from the search of apartment number three was consistent with a drug distribution operation and that it is "very common" for drug dealers to possess firearms to protect themselves and their supply. Thus, any rational trier of fact could have found that Braswell constructively possessed the firearm.

Braswell's citation to *United States v. Bailey*, 553 F.3d 940 (6th Cir. 2009), does not alter our conclusion. In *Bailey*, the majority rejected the government's constructive possession theory based solely on the defendant's presence in a stolen car that, unknown to the defendant, contained a firearm. 553 F.3d at 943–44. Here, the government presented an entire universe of circumstantial evidence from which a rational jury could find that Braswell constructively possessed the handgun found in his residence. Accordingly, *Bailey* is distinguishable and the evidence was sufficient to establish the possession element of 18 U.S.C. § 922(g)(1).

C.

We further conclude that any rational trier of fact could have found that Braswell actually and constructively possessed cocaine, ecstasy, and marijuana in violation of 21 U.S.C. § 841 (a)(1). The record amply demonstrates both categories of possession. Braswell does not dispute that McNeal and Overly found ten distribution-size bags of cocaine in his pockets upon his arrest. He also does not dispute that he told McNeal and Miller that all the controlled substances recovered from the apartment belonged to him. Moreover, Braswell stated numerous times in his recorded jail phone calls with "Renee" and "Pookie" that all the drugs belonged to him, explaining in great detail to "Renee" that he threw the marijuana and cocaine "in that hole" in the closet and that the ecstasy pills

"spilt [sic] all over the floor" because he "had so many pills and the pill bag wasn't tied up, and they was [sic] so small." Braswell also expressed to "Renee" his displeasure with the authorities charging Davis with "all my dope" because he repeatedly told the officers that all the drugs were his. This undisputed evidence precludes Braswell from carrying the "heavy burden" of demonstrating that the trial proofs were insufficient to establish the possession element under 21 U.S.C. § 841 (a)(1). *Wettstain*, 618 F.3d at 583.

III.

For these reasons, we affirm the judgment of the district court.